UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAUDE WASHINGTON                                               CIVIL ACTION

VERSUS                                                          NO. 06-6262

TIM WILKINSON, WARDEN                                           SECTION "B"(2)

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Claude Washington, is incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2] Washington was indicted on March 31, 1994, in Orleans Parish for first degree murder.[3] After he was found competent to proceed to trial, Washington entered a plea of guilty on August 5, 1994, to the reduced charge of manslaughter.[4] The state trial court sentenced him that same day to serve 40 years in prison.[5]

Washington's conviction became final five days later, on August 10, 1994, because he did not file a notice of appeal or seek reconsideration of his sentence. See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[6]).

---

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 1, Docket Master, entry dated 3/31/94.

[4] St. Rec. Vol. 1 of 1, Docket Master, entry dated 5/18/94, entry dated 8/5/94.

[5] St. Rec. Vol. 1 of 1, Docket Master, entry dated 8/5/94.

[6] At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Because this statutory amendment occurred well after petitioner's sentencing, it is inapplicable to this case.

II.     FEDERAL HABEAS PETITION

On September 29, 2006, Washington filed a petition for federal habeas corpus relief in which he alleges that he received ineffective assistance of counsel rendering his plea unconstitutional.[7]  The State filed a response in opposition to the petition alleging that Washington's petition is untimely filed and that he has failed to exhaust state court remedies.[8]

Washington filed a reply to the State's opposition in which he concedes that his federal petition was filed more than one year after the finality of his conviction.  He alleges, however, that the Louisiana laws on limitations for filing are contrary to federal law.  He further alleges that his claims are "new and original issues" which this court should consider in the interests of justice.  Washington also claims that he filed an application for post-conviction relief in the state trial court on July 11, 2006, which the state court refused to acknowledge.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[7] Rec. Doc. No. 1.

[8] Rec. Doc. No. 9.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[9] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Washington's petition, which, for reasons discussed below, is deemed filed in a federal court on September 21, 2006.[10]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State alleges that

---

[9]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[10]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Washington's petition was filed in by the clerk of court on September 25, 2006. Washington did not date his signature on the petition. He did, however, date his signature on the pauper application contemporaneously submitted with the petition on September 21, 2006.  This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

Washington's petition is not timely filed and that he has failed to exhaust state court remedies.

IV.     STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[11]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  However, the Fifth Circuit granted certain habeas corpus petitioners one year from the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255.  Flanagan, 154 F.3d at 200; United States v. Flores, 135

---

[11] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
- A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
- C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
- D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

F.3d 1000, 1004 (5th Cir. 1998), cert. denied, 525 U.S. 1091 (1999). The court in "Flores concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." Flanagan, 154 F.3d at 200 (citing Flores, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1005).

Washington's conviction became final on August 10, 1994, which was prior to AEDPA's effective date. Washington, therefore, had until April 24, 1997, to file his federal habeas corpus petition, which he did not do.

Washington concedes in his reply to the State's opposition that his petition is filed well after the finality of his conviction. However, in addressing a limitations defense, this court must consider the applicability of the statutory tolling provision of AEDPA, which provides that the "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

In this case, the State has not provided a certified copy of the state court records. Instead, the State submitted an uncertified copy of the docket master from Washington's criminal case. The last entry on the docket master is dated February 9, 1995. The docket master makes no reference to any other filings, including the application for post-conviction relief which Washington claims to have filed on July 11, 2006.

This may be an accurate reflection of all matters filed in the state trial court. However, I have nothing before me to confirm it. The State states that it has been unable to obtain a copy of the actual trial record from the Clerk of Court for the Orleans Parish Criminal District Court. Without the record, I am unable to determine whether the plaintiff would be entitled to statutory tolling under AEDPA. For this reason, the record, as presented, is not sufficient to support the State's statute of limitations defense.

The exhibits provided by the State, however, clearly establish that Washington has not exhausted available state court proceedings, and his petition must be dismissed without prejudice for that reason.

V.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419.

"A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a

8

prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Washington must have fairly presented the same claims and legal theories he urges in this federal court to the Louisiana Supreme Court. The State argues that Washington has failed to seek any state court review, either in the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court, before pursuing federal habeas corpus relief. In support of this assertion, the State has provided certifications from the clerks of court for the Louisiana Fourth Circuit and the Louisiana Supreme Court indicating that Washington has made no related filings in either court.[12] Washington offers nothing to establish that he has exhausted his state court remedies.

Therefore, Washington has failed to exhaust available state court remedies regarding his conviction. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420). The record discloses no good cause for Washington's failure to exhaust and this court can find none in the record. Rhines v. Weber, 544 U.S. 269, 278 (2005). This petition therefore must be dismissed without prejudice to require Washington to exhaust

---

[12]St. Rec. Vol. 1 of 1, 4th Cir. Certification, 12/6/06; La. S. Ct. Certification, 12/6/06.

available state court remedies.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (quoting Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Claude Washington for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___21st___ day of February, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE